

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

January 27, 1965

Honorable Ben Barnes
Speaker of the House
Capitol Station
Austin, Texas

Opinion No. C- 383

Re: Whether the restrictions
and requirements of the
constitutional amendment
to Section 59 of Article
XVI of the Constitution of
Texas, as authorized by
House Joint Resolution 8,
58th Leg., Regular Session,
1963, p. 1808, are applicable
to (1) a navigation district,
(2) a navigation and port
district.

Dear Mr. Barnes:

 Former Speaker Byron Tunnell requested our opinion concerning whether the restrictions and requirements of the constitutional amendment to Section 59 of Article XVI of the Constitution of Texas, as authorized by House Joint Resolution 8, 58th Leg., Regular Session, 1963, p. 1808, are applicable to (1) a navigation district, and (2) a navigation and port district.

 House Joint Resolution 8 was recently submitted to the voters of the State of Texas and upon receiving a favorable vote has now become Section 59(d) of Article XVI of the Constitution of Texas and provides as follows:

> "No law creating a <u>conservation and reclamation district</u> shall be passed unless notice of the intention to introduce such a bill setting forth the general substance of the contemplated law shall have been published at least thirty (30) days and not more than ninety (90) days prior to the introduction thereof in a newspaper or newspapers having general circulation in the county or counties in which said district or any part thereof is or will be located and by delivering a copy of such notice

-1813-

and such bill to the Governor who shall submit such notice and bill to the Texas Water Commission, or its successor, which shall file its recommendation as to such bill with the Governor, Lieutenant Governor and Speaker of the House of Representatives within thirty (30) days from date notice was received by the Texas Water Commission. Such notice and copy of bill shall also be given of the introduction of any bill amending a law creating or governing a particular <u>conservation and reclamation district</u> if such bill (1) adds additional land to the district, (2) alters the taxing authority of the district, (3) alters the authority of the district with respect to the issuance of bonds, or (4) alters the qualifications or terms of office of the members of the governing body of the district." (Emphasis added)

The statutory enactments concerning navigation districts and navigation and port districts are found for the most part in Articles 8198-8263k, Vernon's Civil Statutes. The foregoing statutes have been enacted pursuant to two constitutional provisions--Section 52 of Article III of the Constitution of Texas and Section 59 of Article XVI of the Constitution of Texas. In this connection it should be mentioned that it is pursuant to these two constitutional provisions that authorization is given to the Legislature to enact legislation which allows the creation of navigation districts and navigation and port districts..

Section 52 of Article III of the Constitution of Texas provides in part that:

". . .under legislative provision. . .<u>any defined district</u> now or hereafter to be described and defined within the State of Texas. . .upon a vote of a two thirds majority of the resident property taxpayers voting thereon. . .may issue bonds or otherwise lend its credit in any amount not to exceed one-fourth of the assessed valuation of the real property of such district. . .and levy and collect such taxes to pay the interest thereon and provide a sinking fund for the redemption thereof. . .for the following purposes. . .to wit: (a) The <u>improvement of rivers, creeks and streams</u> to prevent overflows and <u>to permit of navigation</u> thereof. . .(b) <u>The construction and maintenance of pools, lakes, reservoirs, dams, canals and waterways for the purposes of</u> . . .<u>navigation, or in aid thereof</u>. (Emphasis added)

" . . . "

Section 59 of Article XVI of the Constitution of Texas, which the provisions of House Joint Resolution 8 amended, provides in part that:

"(a)  The conservation and development of all the natural resources of this State, including the control, storing, preservation and distribution of its storm and flood waters, the waters of its rivers and streams, for irrigation, power and all other useful purposes, the reclamation and irrigation of its arid, semi-arid and other lands needing irrigation, the reclamation and drainage of its overflowed lands, and other lands needing drainage, the conservation and development of its forests, water and hydro-electric power, the navigation of its inland and coastal waters, and the preservation and conservation of all such natural resources of the State are each and all hereby declared public rights and duties; and the Legislature shall pass all such laws as may be appropriate thereto.

"(b)  There may be created within the State of Texas, or the State may be divided into, such number of conservation and reclamation districts as may be determined to be essential to the accomplishment of the purposes of this amendment to the constitution, which districts shall be governmental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions concerning the subject matter of this amendment as may be conferred by law."  (Emphasis added)

" . . . "

Section 52 of Article III of the Constitution of Texas was adopted in 1904, but by 1917 it had become recognized that the 1904 amendment was too restrictive in its limitation as to the maximum amount of indebtedness which a district might create. Consequently, in 1917, Section 59 of Article XVI of the Constitution was adopted which allowed the creation of conservation and reclamation districts with the power to incur such debts as might be necessary.  (See the Interpretive Commentaries following Section 52 of Article III and Section 59 of Article XVI of the Constitution of Texas.)

Article 8263a, Vernon's Civil Statutes, enacted after the adoption of Section 59 of Article XVI of the Constitution of Texas, authorizes navigation districts organized under the provisions of Section 52 of Article III of the Constitution of Texas to become converted to a navigation district operating under the provisions of Section 59 of Article XVI of the Constitution of Texas.

As the constitutional amendment which was proposed by House Joint Resolution 8, and which has now become Section 59 (d) of Article XVI of the Constitution of Texas, had clearly as its intent the amending of Section 59 of Article XVI of the Constitution of Texas, we are of the opinion that all of those districts created pursuant to or operating under Section 59 of Article XVI of the Constitution of Texas, and the statutes enacted pursuant thereto, are subject to the provisions of House Joint Resolution 8. While Section 59 of Article XVI of the Constitution of Texas merely refers to "conservation and reclamation districts," we are of the further opinion that such term, "conservation and reclamation districts," includes navigation districts and navigation and port districts. In fact if such were not the case, there would be no authorization for the existence of those navigation districts and navigation and port districts presently operating pursuant to the provisions of Section 59 of Article XVI of the Constitution of Texas, and exercising the powers conferred by Section 59 of Article XVI of the Constitution of Texas.

As House Joint Resolution 8 was restricted solely to amending Section 59 of Article XVI of the Constitution of Texas, we are of the opinion that those navigation districts and navigation and port districts created under, and presently operating pursuant to, Section 52 of Article III of the Constitution of Texas are not subject to the provisions of House Joint Resolution 8, now Section 59(d) of Article XVI of the Constitution of Texas. However, if a navigation district or a navigation and port district created and operated pursuant to Section 52 of Article III of the Constitution of Texas has elected to be governed by Section 59 of Article XVI of the Constitution of Texas, pursuant to Article 8263a, then such district would be subject to the provisions contained in House Joint Resolution 8--the present Section 59(d) of Article XVI of the Constitution of Texas.

### S U M M A R Y

The restrictions and requirements of the constitutional amendment to Section 59 of Article

XVI of the Constitution, as authorized by House Joint Resolution 8, 58th Leg., Regular Session, 1963, p. 1808, now Section 59(d) of Article XVI of the Constitution of Texas, are applicable to navigation districts and navigation and port districts operated pursuant to the provisions of Section 59 of Article XVI of the Constitution of Texas, but are not applicable to those navigation districts and navigation and port districts operated pursuant to the provisions of Section 52 of Article III of the Constitution of Texas.

Very truly yours,

WAGGONER CARR
Attorney General

By: Pat Bailey
Pat Bailey
Assistant

PB:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Roger Tyler
Arthur Sandlin
Malcolm Quick

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone